# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

## Case No.

VANESSA ANN RIVERA COLON,

**Plaintiff,**

v.

EXPERIAN INFORMATION SOLUTIONS
INC, EQUIFAX INFORMATION SERVICES
LLC, and TRANS UNION LLC,

**Defendants.**

_____/

## COMPLAINT

Plaintiff Vanessa Ann Rivera Colon ("Plaintiff") sues Experian Information Solutions Inc ("Experian"), Equifax Information Services LLC ("Equifax) and Trans Union LLC ("Trans Union") for violations of the Fair Credit Reporting Act ("FCRA").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

## PARTIES

3.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Seminole County, Florida.

4.      Experian is an Ohio corporation with its principal place of business located in Costa Mesa, California.

5.      Equifax is a Georgia limited liability company, with its principal place of business located in Atlanta, Georgia.

6.      Trans Union is a Delaware limited liability company with its principal place of business located in Chicago, Illinois.

## DEMAND FOR JURY TRIAL

7.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

*ALLEGATIONS AS TO EXPERIAN*

8.      Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

9.      Experian regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

10.	Experian is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

11.	This action is the result of Experian's multiple failures to comply with the FCRA, whereby Experian [1] failed to conduct reasonable investigation regarding information disputed by Plaintiff; [2] failed to consider all relevant information submitted by Plaintiff; [3] failed to delete inaccurate or incomplete information; [4] failed to report information identified by Plaintiff as disputed; [5] failed establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff; [6] failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes; [7] failed to provide a complete or accurate disclosure of Plaintiff's file.

12.	On or about November-2025, Plaintiff requested a complete disclosure of Plaintiff's file from Experian.

13.	On or about November-2025, Experian provided an incomplete disclosure of Plaintiff file.

14.	The incomplete disclosure provided by Experian omitted full account numbers, positive payment histories, dates, status, and the identity of prior and

current creditors, even though the omitted information that was provided to Experian by the furnisher of each account.

15. The information omitted from the disclosure provided by Experian was contained within Experian's file regarding Plaintiff at the time of the request.

16. In reviewing what limited information was provided by Experian, Plaintiff discovered debt collection accounts reported by Midland Credit Management, Qualia Collection Services, Transworld and LVNV Funding that she did not recognize (the "Accounts").

17. Plaintiff's credit report contains false, incomplete, and inaccurate information, of which includes, but is not limited to, the account reported by Midland Credit Management, Qualia Collection Services, Transworld and LVNV Funding.

18. The Accounts are inaccurate and incomplete.

19. The Accounts lacked essential identifying and contextual information, including the original date the account was opened, the date it was closed, the account number, payment history, and other details necessary for Plaintiff to identify or verify the debt.

20. The incomplete reporting of the Accounts materially hindered Plaintiff's ability to determine whether the debt was valid, collectible, time-barred, or otherwise enforceable.

21. The incomplete reporting of the Accounts prevented Plaintiff from demonstrating positive account history, such as payment history and dates of activity, that would have improved her creditworthiness if reported.

22. The incomplete reporting of the Accounts caused Plaintiff to be evaluated less favorably by prospective creditors and materially diminished her creditworthiness.

23. On or about December 3, 2025, Plaintiff notified Experian in writing that the Accounts were incomplete and inaccurate.

24. As part of the December 3, 2025 dispute, Plaintiff requested a copy of Plaintiff's credit report from Experian.

25. As part of the December 3, 2025 dispute, Plaintiff included a copy of Plaintiff's driver's license, social security card, and a utility bill.

26. As part of the December 3, 2025 dispute, Plaintiff provided Experian with proper identification and sufficiently requested a copy of Plaintiff's credit report.

27. Experian received the December 3, 2025 dispute and transmitted it to each entity that furnished information disputed by Plaintiff.

28. Despite receiving the December 3, 2025 dispute, Experian failed to conduct any investigation into the accuracy of Plaintiff's credit report.

29.     Despite receiving the December 3, 2025 dispute, Experian continued to report incomplete and inaccurate information disputed by Plaintiff.

30.     Despite receiving the December 3, 2025 dispute, Experian continued to report the Accounts inaccurately.

31.     Despite receiving the December 3, 2025 dispute, Experian failed to provide Plaintiff with a copy of Plaintiff's credit report.

32.     Despite receiving the December 3, 2025 dispute, Experian failed to notify Plaintiff that it deemed the dispute irrelevant and/or frivolous.

33.     As a result of Experian's failure to take appropriate action in response to the December 3, 2025 dispute, Plaintiff was required to expend additional time preparing and sending another written dispute to Experian.

34.     On or about February 12, 2026, Plaintiff continued to notify Experian in writing that false, inaccurate, and incomplete information remained on Plaintiff's credit report.

35.     On or about February 12, 2026, Plaintiff notified Experian in writing that the Accounts were false, inaccurate, and incomplete.

36.     The written correspondence Plaintiff sent to Experian on February 12, 2026, contained a brief statement setting forth the nature of the dispute.

37.     As part of the written dispute Plaintiff sent to Experian on February 12, 2026, Plaintiff requested a copy of Plaintiff's credit report from Experian.

38.     Plaintiff required a full and complete copy of Plaintiff's credit report from Experian so to ensure, among other things, the information about Plaintiff, as maintained by Experian, was appropriately accurate and complete.

39.     Plaintiff requested a copy of Plaintiff's credit report directly from Experian in writing because obtaining a copy directly from Experian online required Plaintiff to create an account and agree to undesignable terms and conditions, and requesting a copy from Experian over the phone lacked desired privacy.

40.     As part of the written dispute Plaintiff sent to Experian on February 12, 2026, Plaintiff included a copy of Plaintiff's driver's license, social security card, and a utility bill.

41.     By and through the written dispute Plaintiff sent to Experian on February 12, 2026, Plaintiff provided Experian with proper identification and sufficiently requested a copy of Plaintiff's credit report.

42.     Experian received the dispute sent by Plaintiff on or about February 12, 2026, and transmitted such to each entity that furnished information disputed by Plaintiff.

43.     Despite receiving the dispute sent by Plaintiff on or about February 12, 2026, Experian failed to include of statement of dispute in Plaintiff's credit file.

44.     Despite receiving the dispute sent by Plaintiff on or about February 12, 2026, Experian failed to conduct any investigation into the accuracy of Plaintiff's credit report.

45.     Despite receiving the dispute sent by Plaintiff on or about February 12, 2026, Experian continued to report incomplete and inaccurate information disputed by Plaintiff.

46.     Despite receiving the dispute sent by Plaintiff on or about February 12, 2026, Experian continued to report the Accounts inaccurately.

47.     Despite receiving the dispute sent by Plaintiff on or about February 12, 2026, Experian failed to provide Plaintiff with a copy of Plaintiff's credit report.

48.     Despite receiving the dispute sent by Plaintiff on or about February 12, 2026, Experian failed to notify Plaintiff that it deemed the dispute irrelevant and/or frivolous.

49.     Continuing to report Plaintiff's information inaccurately is significant. By continuing to report Plaintiff's information inaccurately, lenders believe Plaintiff has had a recent, major delinquency, of which negatively reflects on a consumer's credit worthiness by impacting their credit score negatively.

50.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

51. Experian failed to conduct a reasonable investigation into Plaintiff's disputes.

52. Experian failed to review and consider all relevant information submitted by Plaintiff.

53. Experian failed to conduct an independent investigation and, instead, deferred to underlying furnishers of the Accounts despite the information Plaintiff provided to it (Experian).

54. Experian did not conduct any independent investigation after it (Experian) received Plaintiff's disputes and, instead, chose to parrot the information it (Experian) received from the underlying furnishers despite being in possession of evidence that the information was inaccurate and otherwise incomplete.

55. Experian possessed evidence that the information was inaccurate and otherwise incomplete as described by Plaintiff; however, Experian failed to correct the information.

56. Experian's reporting of inaccurate information, despite evidence that said information is inaccurate, evidence Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

57. Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information about Plaintiff.

58. Plaintiff incurred more than $10.00 in costs mailing each dispute to Experian.

59. Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff.

*ALLEGATIONS AS TO EQUIFAX*

60. Equifax is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

61. Equifax regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

62. Equifax is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

63. This action is the result of Equifax's multiple failures to comply with the FCRA, whereby Equifax [1] failed to conduct reasonable investigation regarding information disputed by Plaintiff; [2] failed to consider all relevant information submitted by Plaintiff; [3] failed to delete inaccurate or incomplete information; [4] failed to report information identified by Plaintiff as disputed; [5] failed establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning

Plaintiff; [6] failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes; [7] failed to provide a complete or accurate disclosure of Plaintiff's file.

64. On or about November-2025, Plaintiff requested a complete disclosure of Plaintiff's file from Equifax.

65. On or about November-2025, Equifax provided an incomplete disclosure of Plaintiff file.

66. The incomplete disclosure provided by Equifax omitted full account numbers, positive payment histories, dates, status, and the identity of prior and current creditors, even though the omitted information that was provided to Equifax by the furnisher of each account.

67. The information omitted from the disclosure provided by Equifax was contained within Equifax's file regarding Plaintiff at the time of the request.

68. In reviewing what limited information was provided by Equifax, Plaintiff discovered debt collection accounts reported by Midland Credit Management, Qualia Collection Services, Transworld and LVNV Funding that she did not recognize (the "Accounts").

69.    Plaintiff's credit report contains false, incomplete, and inaccurate information, of which includes, but is not limited to, the account reported by Midland Credit Management, Qualia Collection Services, Transworld and LVNV Funding.

70.    The Accounts are inaccurate and incomplete.

71.    The Accounts lacked essential identifying and contextual information, including the original date the account was opened, the date it was closed, the account number, payment history, and other details necessary for Plaintiff to identify or verify the debt.

72.    The incomplete reporting of the Accounts materially hindered Plaintiff's ability to determine whether the debt was valid, collectible, time-barred, or otherwise enforceable.

73.    The incomplete reporting of the Accounts prevented Plaintiff from demonstrating positive account history, such as payment history and dates of activity, that would have improved her creditworthiness if reported.

74.    The incomplete reporting of the Accounts caused Plaintiff to be evaluated less favorably by prospective creditors and materially diminished her creditworthiness.

75.    On or about December 3, 2025, Plaintiff notified Equifax in writing that the Accounts were incomplete and inaccurate.

76. As part of the December 3, 2025 dispute, Plaintiff requested a copy of Plaintiff's credit report from Equifax.

77. As part of the December 3, 2025 dispute, Plaintiff included a copy of Plaintiff's driver's license, social security card, and a utility bill.

78. As part of the December 3, 2025 dispute, Plaintiff provided Equifax with proper identification and sufficiently requested a copy of Plaintiff's credit report.

79. Equifax received the December 3, 2025 dispute and transmitted it to each entity that furnished information disputed by Plaintiff.

80. Despite receiving the December 3, 2025 dispute, Equifax failed to conduct any investigation into the accuracy of Plaintiff's credit report.

81. Despite receiving the December 3, 2025 dispute, Equifax continued to report incomplete and inaccurate information disputed by Plaintiff.

82. Despite receiving the December 3, 2025 dispute, Equifax continued to report the Accounts inaccurately.

83. Despite receiving the December 3, 2025 dispute, Equifax failed to provide Plaintiff with a copy of Plaintiff's credit report.

84. Despite receiving the December 3, 2025 dispute, Equifax failed to notify Plaintiff that it deemed the dispute irrelevant and/or frivolous.

85.    As a result of Equifax's failure to take appropriate action in response to the December 3, 2025 dispute, Plaintiff was required to expend additional time preparing and sending another written dispute to Equifax.

86.    On or about February 12, 2026, Plaintiff continued to notify Equifax in writing that false, inaccurate, and incomplete information remained on Plaintiff's credit report.

87.    On or about February 12, 2026, Plaintiff notified Equifax in writing that the Accounts were false, inaccurate, and incomplete.

88.    The written correspondence Plaintiff sent to Equifax on February 12, 2026, contained a brief statement setting forth the nature of the dispute.

89.    As part of the written dispute Plaintiff sent to Equifax on February 12, 2026, Plaintiff requested a copy of Plaintiff's credit report from Equifax.

90.    Plaintiff required a full and complete copy of Plaintiff's credit report from Equifax so to ensure, among other things, the information about Plaintiff, as maintained by Equifax, was appropriately accurate and complete.

91.    Plaintiff requested a copy of Plaintiff's credit report directly from Equifax in writing because obtaining a copy directly from Equifax online required Plaintiff to create an account and agree to undesignable terms and conditions, and requesting a copy from Equifax over the phone lacked desired privacy.

92.    As part of the written dispute Plaintiff sent to Equifax on February 12, 2026, Plaintiff included a copy of Plaintiff's driver's license, social security card, and a utility bill.

93.    By and through the written dispute Plaintiff sent to Equifax on February 12, 2026, Plaintiff provided Equifax with proper identification and sufficiently requested a copy of Plaintiff's credit report.

94.    Equifax received the dispute sent by Plaintiff on or about February 12, 2026, and transmitted such to each entity that furnished information disputed by Plaintiff.

95.    Despite receiving the dispute sent by Plaintiff on or about February 12, 2026, Equifax failed to include of statement of dispute in Plaintiff's credit file.

96.    Despite receiving the dispute sent by Plaintiff on or about February 12, 2026, Equifax failed to conduct any investigation into the accuracy of Plaintiff's credit report.

97.    Despite receiving the dispute sent by Plaintiff on or about February 12, 2026, Equifax continued to report incomplete and inaccurate information disputed by Plaintiff.

98.    Despite receiving the dispute sent by Plaintiff on or about February 12, 2026, Equifax continued to report the Accounts inaccurately.

99. Despite receiving the dispute sent by Plaintiff on or about February 12, 2026, Equifax failed to provide Plaintiff with a copy of Plaintiff's credit report.

100. Despite receiving the dispute sent by Plaintiff on or about February 12, 2026, Equifax failed to notify Plaintiff that it deemed the dispute irrelevant and/or frivolous.

101. Continuing to report Plaintiff's information inaccurately is significant. By continuing to report Plaintiff's information inaccurately, lenders believe Plaintiff has had a recent, major delinquency, of which negatively reflects on a consumer's credit worthiness by impacting their credit score negatively.

102. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

103. Equifax failed to conduct a reasonable investigation into Plaintiff's disputes.

104. Equifax failed to review and consider all relevant information submitted by Plaintiff.

105. Equifax failed to conduct an independent investigation and, instead, deferred to underlying furnishers of the Accounts despite the information Plaintiff provided to it (Equifax).

106. Equifax did not conduct any independent investigation after it (Equifax) received Plaintiff's disputes and, instead, chose to parrot the information it (Equifax) received from the underlying furnishers despite being in possession of evidence that the information was inaccurate and otherwise incomplete.

107. Equifax possessed evidence that the information was inaccurate and otherwise incomplete as described by Plaintiff; however, Equifax failed to correct the information.

108. Equifax's reporting of inaccurate information, despite evidence that said information is inaccurate, evidence Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

109. Without any explanation or reason, Equifax continues to report this false, inaccurate, or otherwise incomplete information about Plaintiff.

110. Plaintiff incurred more than $10.00 in costs mailing each dispute to Equifax.

111. Plaintiff has suffered damages as a result of the incorrect reporting and Equifax's failure to correct the credit report pertaining to Plaintiff.

*ALLEGATIONS AS TO TRANS UNION*

112. Trans Union is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

113.   Trans Union regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

114.   Trans Union is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

115.   This action is the result of Trans Union's multiple failures to comply with the FCRA, whereby Trans Union [1] failed to conduct reasonable investigation regarding information disputed by Plaintiff; [2] failed to consider all relevant information submitted by Plaintiff; [3] failed to delete inaccurate or incomplete information; [4] failed to report information identified by Plaintiff as disputed; [5] failed establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff; [6] failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes; [7] failed to provide a complete or accurate disclosure of Plaintiff's file.

116.   On or about November-2025, Plaintiff requested a complete disclosure of Plaintiff's file from Trans Union.

117.   On or about November-2025, Trans Union provided an incomplete disclosure of Plaintiff file.

118.   The incomplete disclosure provided by Trans Union omitted full account numbers, positive payment histories, dates, status, and the identity of prior and current creditors, even though the omitted information that was provided to Trans Union by the furnisher of each account.

119.   The information omitted from the disclosure provided by Trans Union was contained within Trans Union's file regarding Plaintiff at the time of the request.

120.   In reviewing what limited information was provided by Trans Union, Plaintiff discovered debt collection accounts reported by Midland Credit Management, Qualia Collection Services, Transworld and LVNV Funding that she did not recognize (the "Accounts").

121.   Plaintiff's credit report contains false, incomplete, and inaccurate information, of which includes, but is not limited to, the account reported by Midland Credit Management, Qualia Collection Services, Transworld and LVNV Funding.

122.   The Accounts are inaccurate and incomplete.

123.   The Accounts lacked essential identifying and contextual information, including the original date the account was opened, the date it was closed, the account number, payment history, and other details necessary for Plaintiff to identify or verify the debt.

124.   The incomplete reporting of the Accounts materially hindered Plaintiff's ability to determine whether the debt was valid, collectible, time-barred, or otherwise enforceable.

125.   The incomplete reporting of the Accounts prevented Plaintiff from demonstrating positive account history, such as payment history and dates of activity, that would have improved her creditworthiness if reported.

126.   The incomplete reporting of the Accounts caused Plaintiff to be evaluated less favorably by prospective creditors and materially diminished her creditworthiness.

127.   On or about December 3, 2025, Plaintiff notified Trans Union in writing that the Accounts were incomplete and inaccurate.

128.   As part of the December 3, 2025 dispute, Plaintiff requested a copy of Plaintiff's credit report from Trans Union.

129.   As part of the December 3, 2025 dispute, Plaintiff included a copy of Plaintiff's driver's license, social security card, and a utility bill.

130.   As part of the December 3, 2025 dispute, Plaintiff provided Trans Union with proper identification and sufficiently requested a copy of Plaintiff's credit report.

131.   Trans Union received the December 3, 2025 dispute and transmitted it to each entity that furnished information disputed by Plaintiff.

132. Despite receiving the December 3, 2025 dispute, Trans Union failed to conduct any investigation into the accuracy of Plaintiff's credit report.

133. Despite receiving the December 3, 2025 dispute, Trans Union continued to report incomplete and inaccurate information disputed by Plaintiff.

134. Despite receiving the December 3, 2025 dispute, Trans Union continued to report the Accounts inaccurately.

135. Despite receiving the December 3, 2025 dispute, Trans Union failed to provide Plaintiff with a copy of Plaintiff's credit report.

136. Despite receiving the December 3, 2025 dispute, Trans Union failed to notify Plaintiff that it deemed the dispute irrelevant and/or frivolous.

137. As a result of Trans Union's failure to take appropriate action in response to the December 3, 2025 dispute, Plaintiff was required to expend additional time preparing and sending another written dispute to Trans Union.

138. On or about February 12, 2026, Plaintiff continued to notify Trans Union in writing that false, inaccurate, and incomplete information remained on Plaintiff's credit report.

139. On or about February 12, 2026, Plaintiff notified Trans Union in writing that the Accounts were false, inaccurate, and incomplete.

140. The written correspondence Plaintiff sent to Trans Union on February 12, 2026, contained a brief statement setting forth the nature of the dispute.

141.    As part of the written dispute Plaintiff sent to Trans Union on February 12, 2026, Plaintiff requested a copy of Plaintiff's credit report from Trans Union.

142.    Plaintiff required a full and complete copy of Plaintiff's credit report from Trans Union so to ensure, among other things, the information about Plaintiff, as maintained by Trans Union, was appropriately accurate and complete.

143.    Plaintiff requested a copy of Plaintiff's credit report directly from Trans Union in writing because obtaining a copy directly from Trans Union online required Plaintiff to create an account and agree to undesignable terms and conditions, and requesting a copy from Trans Union over the phone lacked desired privacy.

144.    As part of the written dispute Plaintiff sent to Trans Union on February 12, 2026, Plaintiff included a copy of Plaintiff's driver's license, social security card, and a utility bill.

145.    By and through the written dispute Plaintiff sent to Trans Union on February 12, 2026, Plaintiff provided Trans Union with proper identification and sufficiently requested a copy of Plaintiff's credit report.

146.    Trans Union received the dispute sent by Plaintiff on or about February 12, 2026, and transmitted such to each entity that furnished information disputed by Plaintiff.

147.    Despite receiving the dispute sent by Plaintiff on or about February 12, 2026, Trans Union failed to include of statement of dispute in Plaintiff's credit file.

148. Despite receiving the dispute sent by Plaintiff on or about February 12, 2026, Trans Union failed to conduct any investigation into the accuracy of Plaintiff's credit report.

149. Despite receiving the dispute sent by Plaintiff on or about February 12, 2026, Trans Union continued to report incomplete and inaccurate information disputed by Plaintiff.

150. Despite receiving the dispute sent by Plaintiff on or about February 12, 2026, Trans Union continued to report the Accounts inaccurately.

151. Despite receiving the dispute sent by Plaintiff on or about February 12, 2026, Trans Union failed to provide Plaintiff with a copy of Plaintiff's credit report.

152. Despite receiving the dispute sent by Plaintiff on or about February 12, 2026, Trans Union failed to notify Plaintiff that it deemed the dispute irrelevant and/or frivolous.

153. Continuing to report Plaintiff's information inaccurately is significant. By continuing to report Plaintiff's information inaccurately, lenders believe Plaintiff has had a recent, major delinquency, of which negatively reflects on a consumer's credit worthiness by impacting their credit score negatively.

154. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

155. Trans Union failed to conduct a reasonable investigation into Plaintiff's disputes.

156. Trans Union failed to review and consider all relevant information submitted by Plaintiff.

157. Trans Union failed to conduct an independent investigation and, instead, deferred to underlying furnishers of the Accounts despite the information Plaintiff provided to it (Trans Union).

158. Trans Union did not conduct any independent investigation after it (Trans Union) received Plaintiff's disputes and, instead, chose to parrot the information it (Trans Union) received from the underlying furnishers despite being in possession of evidence that the information was inaccurate and otherwise incomplete.

159. Trans Union possessed evidence that the information was inaccurate and otherwise incomplete as described by Plaintiff; however, Trans Union failed to correct the information.

160. Trans Union's reporting of inaccurate information, despite evidence that said information is inaccurate, evidence Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

161.   Without any explanation or reason, Trans Union continues to report this false, inaccurate, or otherwise incomplete information about Plaintiff.

162.   Plaintiff incurred more than $10.00 in costs mailing each dispute to Trans Union.

163.   Plaintiff has suffered damages as a result of the incorrect reporting and Trans Union's failure to correct the credit report pertaining to Plaintiff.

**COUNT 1**
**WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT**
**<u>VIOLATION OF 15 U.S.C. § 1681e(b)</u>**
(*against Experian*)

164.   Plaintiff incorporates by reference ¶¶ 8-59 of this Complaint.

165.   On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

166.   Experian failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's credit report.

167. Experian further violated 15 U.S.C. § 1681e(b) by continuing to report inaccurate, false, or incomplete information about Plaintiff, including the Subject Information, despite possessing evidence that such information was inaccurate.

168. Experian further violated 15 U.S.C. § 1681e(b) by failing to note in Plaintiff's credit report that Plaintiff disputed the accuracy of the Subject Information.

169. Experian's procedures were *per se* deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

170. Experian willfully and/or recklessly failed to comply with 15 U.S.C. §1681e(b) by: [a] failing to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] failing to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] failing to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] failing to promptly and adequately investigate information which Experian had notice was inaccurate; [e] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [g] failing to promptly delete information that was found to be inaccurate, or could not be verified; and [h] failing

to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

171. In the alternative, Experian negligently failed to comply with 15 U.S.C. § 1681e(b) by failing to exercise reasonable care in the above-described actions, including failing to establish or follow reasonable procedures to assure maximum possible accuracy and failing to correct or delete inaccurate information after receiving Plaintiff's disputes.

172. The appearance of the accounts on Plaintiff's credit report, namely, the information identified by Plaintiff in Plaintiff's disputes to Experian, was the direct and proximate result of Experian's willful and/or reckless, or alternatively negligent, failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

173. The conduct, action, and inaction of Experian was willful, rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

174. In the alternative, the conduct, action, and inaction of Experian was negligent, rendering Experian liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

175.   Plaintiff is entitled to recover reasonable attorney's fees and costs from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

176.   As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

177.   WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

## COUNT 2
## WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT VIOLATION OF 15 U.S.C. § 1681i
(*against Experian*)

178.   Plaintiff incorporates by reference ¶¶ 8-59 of this Complaint.

179.   On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

180.   On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed information.

181.   On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

182.   On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(b) by failing to record in Plaintiff's credit file the dispute statement contained in the correspondence sent to Experian on or about February 12, 2026.

183.   On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(c) by failing to report information identified by Plaintiff as "disputed."

184.   On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(c) by failing to include

Plaintiff's dispute statement with, or otherwise alongside, the information disputed by Plaintiff about February 12, 2026.

185.    Experian further violated 15 U.S.C. § 1681i by failing to promptly delete information that was found to be inaccurate or could not be verified.

186.    Experian further violated 15 U.S.C. § 1681i by failing to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in Plaintiff's credit report.

187.    Experian willfully and/or recklessly failed to comply with 15 U.S.C. § 1681i by: [a] failing to conduct a reasonable reinvestigation of disputed information; [b] failing to review and consider all relevant information submitted by Plaintiff; [c] failing to delete inaccurate or unverifiable information; [d] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [e] failing to promptly and adequately investigate information which Experian had notice was inaccurate; [f] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [g] failing to promptly delete information that was found to be inaccurate or could not be verified; [h] failing to take adequate steps to verify information Experian had reason to believe was inaccurate; [i] failing to record Plaintiff's dispute statement in Plaintiff's credit file; [j] failing to include Plaintiff's dispute statement with, or alongside, the information disputed by Plaintiff.

188. In the alternative, Experian negligently failed to comply with 15 U.S.C. § 1681i by failing to exercise reasonable care in the above-described actions, including failing to conduct a reasonable reinvestigation, failing to review relevant information, failing to record information identified by Plaintiff as disputed, failing to properly include Plaintiff's dispute statement in Plaintiff's credit report, and failing to delete or correct inaccurate information after receiving Plaintiff's disputes.

189. The conduct, action, and inaction of Experian was willful, rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

190. In the alternative, the conduct, action, and inaction of Experian was negligent, rendering Experian liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

191. Plaintiff is entitled to recover reasonable attorney's fees and costs from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

192. As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

193. WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

### COUNT 3
### WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT VIOLATION OF 15 U.S.C. § 1681g(a)
(*against Experian*)

194. Plaintiff incorporates by reference ¶¶ 8-59 of this Complaint.

195. On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681g(a) by failing to provide Plaintiff with a copy of Plaintiff's credit report, despite Plaintiff's multiple requests accompanied by proper identification, of which included a copy of Plaintiff's driver's license, social security card, and a utility bill.

196. Experian willfully and/or recklessly failed to comply with 15 U.S.C. § 1681g(a) by repeatedly refusing to provide Plaintiff's credit report, despite receiving

sufficient identification and requests, thereby causing Plaintiff to waste time and incur postage costs in making repeated requests.

197. In the alternative, Experian negligently failed to comply with 15 U.S.C. § 1681g(a) by failing to exercise reasonable care in processing Plaintiff's requests for a credit report and failing to provide the report as required.

198. The conduct, action, and inaction of Experian was willful, rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

199. In the alternative, the conduct, action, and inaction of Experian was negligent, rendering Experian liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

200. Plaintiff is entitled to recover reasonable attorney's fees and costs from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

201. As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and postage costs in making repeated requests for the credit report.

202. WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

### COUNT 4
### WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT VIOLATION OF 15 U.S.C. § 1681g(a)
(*against Experian*)

203. Plaintiff incorporates by reference ¶¶ 8-59 of this Complaint.

204. On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681g(a)(1) by failing to clearly and accurately disclose to Plaintiff all of the information in Experian's file at the time of Plaintiff's request.

205. When Experian produces and sells reports regarding Plaintiff to third parties, the full account numbers of the tradelines are included in its reports, demonstrating its ability to comply with the duty of full disclosure imposed by 15 U.S.C. § 1681g(a)(1).

206.   Complete account numbers are necessary for a consumer to research and evaluate the information contained therein.

207.   Experian owed a duty to Plaintiff, as obligated by 15 U.S.C. § 1681(a)(1), to disclose all the information in Plaintiff's file at the time of Plaintiff's request, of which includes full and complete account numbers.

208.   Experian willful, or alternatively negligent, failure to provide full and complete account numbers thwarted Plaintiff's ability to properly scrutinize and evaluate the information contained in Plaintiff's credit report.

209.   Due to widespread systemic failures, Experian's automated system omits complete account numbers reported by data furnishers. Experian is aware of such widespread systemic failures, the resulting breach of duty, and the negative consequences it has on the consumer, yet continues the unlawful practice.

210.   Despite the fact that the full account number was disclosed to Experian by the underlying furnisher and was otherwise part of Plaintiff's file at the time of Plaintiff's request on November-2025, Experian failed to disclose the full account number of the Accounts to Plaintiff.

211.   Having a duty to disclose all of the information regarding the accounts in the Plaintiff's file, Experian breached its duty by failing to provide the complete account numbers, as such information is necessary for a consumer to be able to research and evaluate the information contained therein.

212. Experian willfully and/or recklessly failed to comply with 15 U.S.C. § 1681g(a) by repeatedly refusing to provide Plaintiff's complete disclosure of credit report, despite receiving sufficient identification and requests, thereby causing Plaintiff to waste time and incur postage costs in making repeated requests.

213. In the alternative, Experian negligently failed to comply with 15 U.S.C. § 1681g(a) by failing to exercise reasonable care in processing Plaintiff's requests for a credit report and failing to provide the report as required.

214. The conduct, action, and inaction of Experian was willful, rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

215. In the alternative, the conduct, action, and inaction of Experian was negligent, rendering Experian liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

216. Plaintiff is entitled to recover reasonable attorney's fees and costs from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

217. As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and

embarrassment of credit denial, as well as the expenditure of time and postage costs in making repeated requests for the credit report.

218. WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

### COUNT 5
### WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT VIOLATION OF 15 U.S.C. § 1681e(b)
(*against Equifax*)

219. Plaintiff incorporates by reference ¶¶ 60-111 of this Complaint.

220. On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

221.    Equifax failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's credit report.

222.    Equifax further violated 15 U.S.C. § 1681e(b) by continuing to report inaccurate, false, or incomplete information about Plaintiff, including the Subject Information, despite possessing evidence that such information was inaccurate.

223.    Equifax further violated 15 U.S.C. § 1681e(b) by failing to note in Plaintiff's credit report that Plaintiff disputed the accuracy of the Subject Information.

224.    Equifax's procedures were *per se* deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

225.    Equifax willfully and/or recklessly failed to comply with 15 U.S.C. §1681e(b) by: [a] failing to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] failing to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] failing to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] failing to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] continually placing inaccurate information into the credit report of Plaintiff after being advised

by Plaintiff that the information was inaccurate; [f] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [g] failing to promptly delete information that was found to be inaccurate, or could not be verified; and [h] failing to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

226.   In the alternative, Equifax negligently failed to comply with 15 U.S.C. § 1681e(b) by failing to exercise reasonable care in the above-described actions, including failing to establish or follow reasonable procedures to assure maximum possible accuracy and failing to correct or delete inaccurate information after receiving Plaintiff's disputes.

227.   The appearance of the accounts on Plaintiff's credit report, namely, the information identified by Plaintiff in Plaintiff's disputes to Equifax, was the direct and proximate result of Equifax's willful and/or reckless, or alternatively negligent, failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

228.   The conduct, action, and inaction of Equifax was willful, rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

229. In the alternative, the conduct, action, and inaction of Equifax was negligent, rendering Equifax liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

230. Plaintiff is entitled to recover reasonable attorney's fees and costs from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

231. As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

232. WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

## COUNT 6
### WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT

## **VIOLATION OF 15 U.S.C. § 1681i**
(*against Equifax*)

233.   Plaintiff incorporates by reference ¶¶ 60-111 of this Complaint.

234.   On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

235.   On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed information.

236.   On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

237.   On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(b) by failing to record in Plaintiff's credit file the dispute statement contained in the correspondence sent to Equifax on or about February 12, 2026.

238.   On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(c) by failing to report information identified by Plaintiff as "disputed."

239.   On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(c) by failing to include Plaintiff's dispute statement with, or otherwise alongside, the information disputed by Plaintiff about February 12, 2026.

240.   Equifax further violated 15 U.S.C. § 1681i by failing to promptly delete information that was found to be inaccurate or could not be verified.

241.   Equifax further violated 15 U.S.C. § 1681i by failing to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in Plaintiff's credit report.

242.   Equifax willfully and/or recklessly failed to comply with 15 U.S.C. § 1681i by: [a] failing to conduct a reasonable reinvestigation of disputed information; [b] failing to review and consider all relevant information submitted by Plaintiff; [c] failing to delete inaccurate or unverifiable information; [d] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [e] failing to promptly and adequately investigate information which Equifax had notice was inaccurate; [f] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [g] failing to promptly delete information that was found to be inaccurate or could not be verified; [h] failing to take adequate steps to verify information Equifax had reason to believe was inaccurate; [i] failing to record Plaintiff's dispute statement in

Plaintiff's credit file; [j] failing to include Plaintiff's dispute statement with, or alongside, the information disputed by Plaintiff.

243. In the alternative, Equifax negligently failed to comply with 15 U.S.C. § 1681i by failing to exercise reasonable care in the above-described actions, including failing to conduct a reasonable reinvestigation, failing to review relevant information, failing to record information identified by Plaintiff as disputed, failing to properly include Plaintiff's dispute statement in Plaintiff's credit report, and failing to delete or correct inaccurate information after receiving Plaintiff's disputes.

244. The conduct, action, and inaction of Equifax was willful, rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

245. In the alternative, the conduct, action, and inaction of Equifax was negligent, rendering Equifax liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

246. Plaintiff is entitled to recover reasonable attorney's fees and costs from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

247. As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit,

emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

248.  WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

### COUNT 7
### WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT VIOLATION OF 15 U.S.C. § 1681g(a)
(*against Equifax*)

249.  Plaintiff incorporates by reference ¶¶ 60-111 of this Complaint.

250.  On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681g(a) by failing to provide Plaintiff with a copy of Plaintiff's credit report, despite Plaintiff's multiple requests accompanied by proper identification, of which included a copy of Plaintiff's driver's license, social security card, and a utility bill.

251. Equifax willfully and/or recklessly failed to comply with 15 U.S.C. § 1681g(a) by repeatedly refusing to provide Plaintiff's credit report, despite receiving sufficient identification and requests, thereby causing Plaintiff to waste time and incur postage costs in making repeated requests.

252. In the alternative, Equifax negligently failed to comply with 15 U.S.C. § 1681g(a) by failing to exercise reasonable care in processing Plaintiff's requests for a credit report and failing to provide the report as required.

253. The conduct, action, and inaction of Equifax was willful, rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

254. In the alternative, the conduct, action, and inaction of Equifax was negligent, rendering Equifax liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

255. Plaintiff is entitled to recover reasonable attorney's fees and costs from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

256. As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and

embarrassment of credit denial, as well as the expenditure of time and postage costs in making repeated requests for the credit report.

257.    WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

### COUNT 8
### WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT VIOLATION OF 15 U.S.C. § 1681g(a)
*(against Equifax)*

258.    Plaintiff incorporates by reference ¶¶ 60-111 of this Complaint.

259.    On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681g(a)(1) by failing to clearly and accurately disclose to Plaintiff all of the information in Equifax's file at the time of Plaintiff's request.

260.    When Equifax produces and sells reports regarding Plaintiff to third parties, the full account numbers of the tradelines are included in its reports,

demonstrating its ability to comply with the duty of full disclosure imposed by 15 U.S.C. § 1681g(a)(1).

261.   Complete account numbers are necessary for a consumer to research and evaluate the information contained therein.

262.   Equifax owed a duty to Plaintiff, as obligated by 15 U.S.C. § 1681(a)(1), to disclose all the information in Plaintiff's file at the time of Plaintiff's request, of which includes full and complete account numbers.

263.   Equifax willful, or alternatively negligent, failure to provide full and complete account numbers thwarted Plaintiff's ability to properly scrutinize and evaluate the information contained in Plaintiff's credit report.

264.   Due to widespread systemic failures, Equifax's automated system omits complete account numbers reported by data furnishers. Equifax is aware of such widespread systemic failures, the resulting breach of duty, and the negative consequences it has on the consumer, yet continues the unlawful practice.

265.   Despite the fact that the full account number was disclosed to Equifax by the underlying furnisher and was otherwise part of Plaintiff's file at the time of Plaintiff's request on November-2025, Equifax failed to disclose the full account number of the Accounts to Plaintiff.

266.   Having a duty to disclose all of the information regarding the accounts in the Plaintiff's file, Equifax breached its duty by failing to provide the complete

account numbers, as such information is necessary for a consumer to be able to research and evaluate the information contained therein.

267. Equifax willfully and/or recklessly failed to comply with 15 U.S.C. § 1681g(a) by repeatedly refusing to provide Plaintiff's complete disclosure of credit report, despite receiving sufficient identification and requests, thereby causing Plaintiff to waste time and incur postage costs in making repeated requests.

268. In the alternative, Equifax negligently failed to comply with 15 U.S.C. § 1681g(a) by failing to exercise reasonable care in processing Plaintiff's requests for a credit report and failing to provide the report as required.

269. The conduct, action, and inaction of Equifax was willful, rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

270. In the alternative, the conduct, action, and inaction of Equifax was negligent, rendering Equifax liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

271. Plaintiff is entitled to recover reasonable attorney's fees and costs from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

272. As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit,

emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and postage costs in making repeated requests for the credit report.

273.   WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

**COUNT 9**
**WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT**
<u>**VIOLATION OF 15 U.S.C. § 1681e(b)**</u>
(*against Trans Union*)

274.   Plaintiff incorporates by reference ¶¶ 112-163 of this Complaint.

275.   On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

276. Trans Union failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's credit report.

277. Trans Union further violated 15 U.S.C. § 1681e(b) by continuing to report inaccurate, false, or incomplete information about Plaintiff, including the Subject Information, despite possessing evidence that such information was inaccurate.

278. Trans Union further violated 15 U.S.C. § 1681e(b) by failing to note in Plaintiff's credit report that Plaintiff disputed the accuracy of the Subject Information.

279. Trans Union's procedures were *per se* deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

280. Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. §1681e(b) by: [a] failing to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] failing to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] failing to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] failing to promptly and adequately

investigate information which Trans Union had notice was inaccurate; [e] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [g] failing to promptly delete information that was found to be inaccurate, or could not be verified; and [h] failing to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

281. In the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681e(b) by failing to exercise reasonable care in the above-described actions, including failing to establish or follow reasonable procedures to assure maximum possible accuracy and failing to correct or delete inaccurate information after receiving Plaintiff's disputes.

282. The appearance of the accounts on Plaintiff's credit report, namely, the information identified by Plaintiff in Plaintiff's disputes to Trans Union, was the direct and proximate result of Trans Union's willful and/or reckless, or alternatively negligent, failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

283. The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

284. In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

285. Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

286. As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

287. WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

COUNT 10
**WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT**
**VIOLATION OF 15 U.S.C. § 1681i**
(*against Trans Union*)

288.    Plaintiff incorporates by reference ¶¶ 112-163 of this Complaint.

289.    On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

290.    On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed information.

291.    On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

292.    On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(b) by failing to record in Plaintiff's credit file the dispute statement contained in the correspondence sent to Trans Union on or about February 12, 2026.

293.    On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(c) by failing to report information identified by Plaintiff as "disputed."

294.   On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(c) by failing to include Plaintiff's dispute statement with, or otherwise alongside, the information disputed by Plaintiff about February 12, 2026.

295.   Trans Union further violated 15 U.S.C. § 1681i by failing to promptly delete information that was found to be inaccurate or could not be verified.

296.   Trans Union further violated 15 U.S.C. § 1681i by failing to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in Plaintiff's credit report.

297.   Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. § 1681i by: [a] failing to conduct a reasonable reinvestigation of disputed information; [b] failing to review and consider all relevant information submitted by Plaintiff; [c] failing to delete inaccurate or unverifiable information; [d] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [e] failing to promptly and adequately investigate information which Trans Union had notice was inaccurate; [f] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [g] failing to promptly delete information that was found to be inaccurate or could not be verified; [h] failing to take adequate steps to verify information Trans Union had reason to believe was inaccurate; [i] failing to record Plaintiff's dispute

statement in Plaintiff's credit file; [j] failing to include Plaintiff's dispute statement with, or alongside, the information disputed by Plaintiff.

298. In the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681i by failing to exercise reasonable care in the above-described actions, including failing to conduct a reasonable reinvestigation, failing to review relevant information, failing to record information identified by Plaintiff as disputed, failing to properly include Plaintiff's dispute statement in Plaintiff's credit report, and failing to delete or correct inaccurate information after receiving Plaintiff's disputes.

299. The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

300. In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

301. Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

302. As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit,

emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

303.    WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

## COUNT 11
### WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT VIOLATION OF 15 U.S.C. § 1681g(a)
(*against Trans Union*)

304.    Plaintiff incorporates by reference ¶¶ 112-163 of this Complaint.

305.    On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681g(a) by failing to provide Plaintiff with a copy of Plaintiff's credit report, despite Plaintiff's multiple requests accompanied by proper identification, of which included a copy of Plaintiff's driver's license, social security card, and a utility bill.

306. Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. § 1681g(a) by repeatedly refusing to provide Plaintiff's credit report, despite receiving sufficient identification and requests, thereby causing Plaintiff to waste time and incur postage costs in making repeated requests.

307. In the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681g(a) by failing to exercise reasonable care in processing Plaintiff's requests for a credit report and failing to provide the report as required.

308. The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

309. In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

310. Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

311. As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and

embarrassment of credit denial, as well as the expenditure of time and postage costs in making repeated requests for the credit report.

312.   WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

## COUNT 12
## WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT VIOLATION OF 15 U.S.C. § 1681g(a)
(*against Trans Union*)

313.   Plaintiff incorporates by reference ¶¶ 112-163 of this Complaint.

314.   On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681g(a)(1) by failing to clearly and accurately disclose to Plaintiff all of the information in Trans Union's file at the time of Plaintiff's request.

315.   When Trans Union produces and sells reports regarding Plaintiff to third parties, the full account numbers of the tradelines are included in its reports,

demonstrating its ability to comply with the duty of full disclosure imposed by 15 U.S.C. § 1681g(a)(1).

316.   Complete account numbers are necessary for a consumer to research and evaluate the information contained therein.

317.   Trans Union owed a duty to Plaintiff, as obligated by 15 U.S.C. § 1681(a)(1), to disclose all the information in Plaintiff's file at the time of Plaintiff's request, of which includes full and complete account numbers.

318.   Trans Union willful, or alternatively negligent, failure to provide full and complete account numbers thwarted Plaintiff's ability to properly scrutinize and evaluate the information contained in Plaintiff's credit report.

319.   Due to widespread systemic failures, Trans Union's automated system omits complete account numbers reported by data furnishers. Trans Union is aware of such widespread systemic failures, the resulting breach of duty, and the negative consequences it has on the consumer, yet continues the unlawful practice.

320.   Despite the fact that the full account number was disclosed to Trans Union by the underlying furnisher and was otherwise part of Plaintiff's file at the time of Plaintiff's request on November-2025, Trans Union failed to disclose the full account number of the Accounts to Plaintiff.

321.   Having a duty to disclose all of the information regarding the accounts in the Plaintiff's file, Trans Union breached its duty by failing to provide the

complete account numbers, as such information is necessary for a consumer to be able to research and evaluate the information contained therein.

322. Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. § 1681g(a) by repeatedly refusing to provide Plaintiff's complete disclosure of credit report, despite receiving sufficient identification and requests, thereby causing Plaintiff to waste time and incur postage costs in making repeated requests.

323. In the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681g(a) by failing to exercise reasonable care in processing Plaintiff's requests for a credit report and failing to provide the report as required.

324. The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

325. In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

326. Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

327. As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit,

emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and postage costs in making repeated requests for the credit report.

328. WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

DATED: June 9, 2026

Respectfully Submitted,

 /s/ Talal Rashid
**TALAL RASHID, ESQ.**
Florida Bar No. 1010307
E-mail:   Talal@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:   Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street, 17th Floor
Fort Lauderdale, Florida 33301
Phone:   305-332-6201

*COUNSEL FOR PLAINTIFF*